FILED
SUPERIOR COURT
OF GUAM

2023 AUG -3 PM 4:54

CLERK OF COURT

BY:_____

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GENERAL CONFERENCE OF SEVENTH-DAY ADVENTISTS,<br><br>Plaintiff,<br><br>v.<br><br>DAFNE M. SHIMIZU, in her capacity as TAX COMMISSIONER,<br><br>Defendant. | Civil Case No. CV0948-16<br><br>**DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on May 5, 2023 for hearing on General Conference of Seventh-Day Adventists' ("Plaintiff's") Motion for Summary Judgment ("Motion"). Attorney Jehan'ad G. Martinez represents Plaintiff. Attorney Rebecca M.P. Copper represents Dafne M. Shimizu, in her capacity as Tax Commissioner ("Defendant"). Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Plaintiff's Motion.

## BACKGROUND

Plaintiff is an unincorporated non-profit religious organization, aimed at coordinating the Seventh-day Adventist Church's (the "Church's") global ministry goals. See Complaint at 2 (Oct. 31, 2016). As part of their mission, Plaintiff operates the Guam Seventh-day Adventist Clinic (the "Medical Clinic") and the Guam Adventist Book and Food Center (the "Health Food Center"). Id. at 3. Revenue received by the Medical Clinic and Health Food Center is used to meet the expenses of running those operations, and excess profits are put towards accomplishing Plaintiff's various goals. Id. at 9.

Decision and Order Denying Plaintiff's Motion for Summary Judgment
CV0948-16, *Gen. Conference of Seventh-Day Adventists v. Dafne M. Shimizu, in her capacity as Tax Comm'r*
Page 1 of 8

The Medical Clinic provides several outpatient services to the community of Guam, including adult and pediatric medical care, dental, pharmaceutical, and optometry services among others. See Statement of Undisputed Material Facts at ¶ 31 (Dec. 13, 2022). These services are generally charged "at market rates". Id. at ¶ 31. However, the Medical Clinic also offers several free services, including health talks, outreach programs, and diabetes support groups among others. Id. at ¶ 31. Plaintiff contends the Medical Clinic offers these services to promote physical and spiritual wellness, which are among the Church's core religious beliefs. See Complaint at 9 (Oct. 31, 2016).

The Health Food Center operates as Simply Foods, a lunch counter and grocery store selling vegetarian food. See Statement of Undisputed Material Facts at ¶ 39 (Dec. 13, 2022). The Health Food Center also distributes free literature about healthy living and the Church's role. Id. at ¶ 39. The Health Food Center is open to the public and does not rely on volunteer work in its operations. Id. at ¶ 38. Plaintiff contends the Health Food Center operates to promote and further the Church's mission of healthy living and vegetarian diets, which are among their core religious beliefs. See Complaint at 13 (Oct. 31, 2016).

Plaintiff seeks review of an adverse tax decision made by the Tax Commissioner. Id. at 1. In 1985, Plaintiff was granted a Certificate of Tax Exemption, exempting them from the business privilege tax as an association organized exclusively for "religious, charitable, scientific, or educational purposes". Id. at Ex. B. This exemption was recognized for several decades, and no business privilege tax was ever imposed on Plaintiff by the Government of Guam up until the tax assessment giving rise to this action. See Motion at 2 (Dec. 13, 2022).

However, in 2016, the Tax Commissioner determined that operation of the Medical Clinic and the Health Food Center do not qualify as "regular activities" of Plaintiff's otherwise religious purposes. See Complaint at Ex. A. (Oct. 31, 2016). The Tax Commissioner now requests Plaintiff's past-due business privilege taxes for the years 1991 through 2013. Id. at Ex. A. This amounts to $12,610,357.91 with failure to pay penalties of $3,152,589.48 with respect to the Medical Clinic, and $354,237.53 with failure to pay penalties of $88,559.39 with respect to the Health Food Center. Id. at Ex. A.

Decision and Order Denying Plaintiff's Motion for Summary Judgment
CV0948-16, *Gen. Conference of Seventh-Day Adventists v. Dafne M. Shimizu, in her capacity as Tax Comm'r*
Page **2** of 8

On December 13, 2022, Plaintiff filed their Motion for Summary Judgment. Plaintiff claims their operation of the Medical Clinic and the Health Food Center are "regular activities" furthering their religious purpose, and are thus exempt from the business privilege tax. See Motion at 5-9 (Dec. 13, 2022). Plaintiff also contends the business privilege tax was discriminatorily enforced against them, in violation of both the Establishment Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment. Id. at 9-14. Lastly, Plaintiff argues that retroactive application of the business privilege tax violates the Due Process Clause of the Fourteenth Amendment. Id. at 14-17.

On February 8, 2023, Defendant filed their Opposition to Plaintiff's Motion ("Opposition"). Defendant contends Plaintiff's operations of the Medical Clinic and Health Food Center are irregular activities, serving outside functions rather than Plaintiff's religious purposes. See Opposition at 4 (Feb. 8, 2023). Defendant also disputes claims that the Establishment Clause, Equal Protection Clause, or Due Process Clause have been violated. Id. at 4-6.

On February 22, 2023, Plaintiff filed their Reply to Defendant's Opposition ("Reply"). Plaintiff again contends their operation of the Medical Clinic and Health Food Center are exempt from the business privilege tax as "regular activities" furthering their religious purposes. See Reply at 3 (Feb. 22, 2023). Plaintiff also calls out Defendant's response to the Establishment Clause, Equal Protection Clause, and Due Process Clause issues as non-responsive. Id. at 4-7.

The Court held a hearing on May 5, 2023. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

### I. Standard for Summary Judgment:

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See *Hawaiian Rock Products Corp. v. Ocean Housing, Inc.*, 2016 Guam 4 ¶ 26 (quoting GRCP 56(c)) (internal quotations omitted). "Genuine issues" are factual disputes requiring resolution by a fact-finder. See

Decision and Order Denying Plaintiff's Motion for Summary Judgment
CV0948-16, *Gen. Conference of Seventh-Day Adventists v. Dafne M. Shimizu, in her capacity as Tax Comm'r*
Page 3 of 8

*Hayle v. Hemlani*, 2000 Guam 25 ¶ 20. "Material facts" are "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." Id. at ¶ 20.

The court "must view the evidence and draw inferences in the light most favorable to the non-movant." Id. at ¶ 21 (internal citation omitted). "If the movant can demonstrate there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the complaint, but must produce at least some significant probative evidence tending to support the complaint." Id. at ¶ 21 (internal citation omitted). If the non-movant is unable to do so, summary judgment shall be entered against the adverse party. See GRCP 56(e).

**II.    There is a genuine dispute of material fact about whether operation of the Medical Clinic and the Health Food Center are "regular activities" furthering Plaintiff's religious purposes.**

Under Guam's business privilege tax, businesses operating within Guam are subject to "monthly privilege taxes... measured by the application of rates against values, gross proceeds of sales, or gross income". See 11 G.C.A. § 26201.

However, one may claim one of several exemptions to the business privilege tax upon application to the Tax Commissioner. See 11 G.C.A. § 26117. One such exemption is for "corporations, associations, or societies organized and operated exclusively for religious, charitable, scientific, or educational purposes". See 11 G.C.A. § 26203(c). This exemption "shall apply only to the gross income ... received ... from the *regular activities* of such person." See 11 G.C.A. § 26203(j)(1) (emphasis added).

The Guam Administrative Rules and Regulations, 30 G.A.R.R. § 2108(d) interprets the phrase "regular activities" as follows:

> The regular activities of an exempt organization... must be determined from the purpose and/or objectives which qualified the organization for its general exemption... Fund raising events will not be deemed regular activities solely because fund raising activities are authorized in the chapter or by-laws of the organization.

Decision and Order Denying Plaintiff's Motion for Summary Judgment
CV0948-16, *Gen. Conference of Seventh-Day Adventists v. Dafne M. Shimizu, in her capacity as Tax Comm'r*
Page 4 of 8

In other words, operation of the Medical Clinic and Health Food Center are "regular activities" of Plaintiff's religious purposes if they're implemented to further those religious purposes and/or objectives.

There is a material factual dispute about whether these operations exist to further Plaintiff's religious purposes. It is undisputed that the Church's core beliefs include promoting healthy living, healing the sick, and vegetarian diets. See Statement of Undisputed Material Facts at ¶ 13, 16, 20 (Dec. 13, 2022).

Several factors point towards the Medical Clinic's operation furthering Plaintiff's religious purposes. These include physicians working on reduced salaries and the offering of free health talks and outreach programs. Id. at ¶ 32-33. However, the Medical Clinic's outpatient services are charged "generally at market rates". Id. at ¶ 31. This suggests the Medical Clinic operates to raise revenue for the Plaintiff's outside purposes rather than to further the Church's religious purposes.

Several factors also point towards the Health Food Center's operation furthering Plaintiff's religious purposes. These factors include promotion of a vegetarian diet in line with the Church's teachings and distribution of free literature regarding the Church's messages. Id. at ¶ 39. However, the Health Food Center is also open to the public, where customers are charged full price for the food items purchased. Id. at ¶ 38. This suggests the Health Food Center operates to raise revenue for the Plaintiff's outside purposes rather than to further the Church's religious purposes.

Material factual disputes exist about both whether the Medical Clinic or the Health Food Center operate to further Plaintiff's religious purposes. These issues must be submitted to a fact-finder for resolution and it would be improper to dispose of them via summary judgment.

**III.    Applying the business privilege tax to Plaintiff does not violate the Establishment Clause because everyone claiming exemption status is equally subject to the same limitations.**

Decision and Order Denying Plaintiff's Motion for Summary Judgment
CV0948-16, *Gen. Conference of Seventh-Day Adventists v. Dafne M. Shimizu, in her capacity as Tax Comm'r*
Page 5 of 8

Under the First Amendment's Establishment Clause, "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof". See U.S. Const. amend. I. This compels the government to pursue a course of neutrality towards religion. See *Larson v. Valente*, 456 U.S. 228, 246 (1982). "The State may not adopt programs or practices... which aid or oppose any religion". See *Epperson v. State of Ark.*, 393 U.S. 97, 106 (1968).

Here, everyone claiming exemption from the business privilege tax under 11 G.C.A. § 26203(b)-(e) is subject to the same limitation, being that "the exemption... shall apply only to the gross income of any person... received... from the *regular activities* of such person". See 11 G.C.A. § 26203(j)(1) (emphasis added). This limitation is facially neutral because it applies not only to those claiming religious exemption status, but also to those claiming "charitable", "scientific", "educational", and "hospital" status among others. Id. The limitation is facially neutral because it covers all those claiming religious exemption status, regardless of which particular sect they follow. See *Wallace v. Jaffree*, 472 U.S. 38, 106 (Rehnquist, C.J., dissenting) (the well-accepted meaning of the Establishment Clause is that the government may not show "preference among religious sects or denominations".)

In order to show discriminatory application of the business privilege tax against their religion, Plaintiff points to several other healthcare facilities and food-related entities run by other religious groups that enjoy tax exemption. See Motion at 11-12 (Dec. 13, 2022). However, each exemption is clearly considered on a case-by-case basis. Every religious sect Plaintiff points to is equally subject to the same limitation, and must pay taxes on all irregular activities not associated with their religious purposes. Plaintiff has failed to show selective or discriminatory application of the business privilege tax against their religion, so their Establishment Clause argument must be denied.

**IV.     Applying the business privilege tax to Plaintiff does not violate the Equal Protection Clause because Plaintiff has failed to show purposeful discrimination.**

The Equal Protection Clause of the 14th Amendment is implicated when the State treats some people differently from others. In issues of taxation, "the Equal Protection Clause... protects the individual from state action which selects him out for discriminatory treatment by subjecting him to taxes not imposed on others of the same class." See *Allegheny Pittsburgh Coal Co. v. Cnty. Comm'n*

Decision and Order Denying Plaintiff's Motion for Summary Judgment
CV0948-16, *Gen. Conference of Seventh-Day Adventists v. Dafne M. Shimizu, in her capacity as Tax Comm'r*
Page 6 of 8

*of Webster Cnty., W. Va.*, 488 U.S. 336, 345 (1989). When a suspect classification (such as religion) is involved, strict scrutiny applies. See *Ashaheed v. Currington*, 7 F.4th 1236, 1250 (10th Cir. 2021). If no suspect or quasi-suspect classification is involved, a rational basis standard applies.

The Plaintiff must show intent on the State to discriminate based on a suspect classification before courts apply strict scrutiny. See *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987) (One "who alleges an equal protection violation has the burden of proving the existence of purposeful discrimination."). "Discriminatory intent can be proved directly or circumstantially." See *Ashaheed*, 7 F.4th at 1250. Direct proof is made when the law is discriminatory on its face. Id. at 1250. Circumstantial proof is made when the State intends that a facially neutral law be discriminatorily applied or have a disparate impact on a protected class of people. Id. at 1250.

Here, Plaintiff has failed to establish the State's intent to discriminate on the basis of religion. There's no direct proof because the business privilege tax and its accompanying exceptions/limitations are facially neutral. Plaintiff instead contends circumstantial proof, evidenced by a supposed discriminatory application of the tax. See Motion at 13-14 (Dec. 13, 2022). As mentioned, Plaintiff claims that other religious organizations operating entities comparable to the Medical Clinic and Health Food Center enjoy tax exempt status. Id. at 13-14. However, each exemption is considered on a case-by-case basis. It's not clear how similar those other entities actually are to the Medical Clinic or the Health Food Center. The State may in good faith have classified them as "regular activities" furthering each organization's religious purposes. Plaintiff's Equal Protection Clause argument must be denied because they have failed to show the State's intent to discriminate on the basis of any suspect or quasi-suspect class.

**V.     Applying the business privilege tax to Plaintiff's back taxes does not violate the Due Process Clause.**

The Due Process Clause of the Fourteenth Amendment prevents states from depriving any person of life, liberty, or property without fair process. The type of process required (prior notice, prior/subsequent evidentiary hearings, opportunities to respond, etc.) varies depending on the interest involved.

Decision and Order Denying Plaintiff's Motion for Summary Judgment
CV0948-16, *Gen. Conference of Seventh-Day Adventists v. Dafne M. Shimizu, in her capacity as Tax Comm'r*
Page 7 of 8

Plaintiff does not have a property interest in the continued tax exemption status of the Medical Clinic and Health Food Center, as those exemptions could be revoked at any given time. However, Plaintiff does have a property interest in the past-due taxes from the years 1991 through 2013, as Plaintiff was led to believe income from those years was tax exempt. Still, Plaintiff was given and continues to be given fair process before that money is collected. Plaintiff has been given the opportunity to challenge the entire tax assessment in court, satisfying the Due Process Clause. Furthermore, there is no statute of limitations covering the business privilege tax, so they can be collected retroactively if procedural due process is given.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion. A material factual dispute exists about whether operation of the Medical Clinic and the Health Food Center are "regular activities" furthering Plaintiff's religious purposes. Furthermore, Plaintiff has failed to successfully plead violations of the Establishment Clause, Equal Protection Clause, or Due Process Clause.

**IT IS SO ORDERED** this August 3, 2023.

_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
_OLIVER , COOPER_
_A4_____
Date:_____Time:_8/3/23_
_Joseph Bamba, Jr._
Deputy Clerk, Superior Court of Guam

Decision and Order Denying Plaintiff's Motion for Summary Judgment
CV0948-16, *Gen. Conference of Seventh-Day Adventists v. Dafne M. Shimizu, in her capacity as Tax Comm'r*
Page **8** of **8**